# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **NANCY A. STARR**, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:05CV00026 |
| | ) |
| v. | ) **OPINION** |
| | ) |
| **PHILIP SHUCET, ET AL.**, | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Defendants. | ) |

*Nancy A. Starr, Plaintiff Pro Se.*

In this action by the pro se plaintiff, I will dismiss her in forma pauperis Amended Complaint sua sponte pursuant to 28 U.S.C.A. § 1915(e)(2)(B)(ii) (West 1994 & Supp. 2005) because it fails to state a claim upon which relief can be granted.

I

The plaintiff, Nancy A. Starr, filed this action against Philip Shucet, Commissioner of the Virginia Department of Transportation; Judith Williams Jagdmann, Attorney General of Virginia; the Board of Supervisors of Washington County Virginia; Helen and Joseph Meek; Glade Investment Corp.; and Joseph Meek Trust. Starr primarily claims that the defendants violated the Uniform Relocation

Assistance and Real Property Acquisition Policies Act, 42 U.S.C.A. § 4651 (West 2003) ("URA"), when the Virginia Department of Transportation ("VDOT") obstructed a portion of her property while making improvements to Interstate 81 ("I-81").

The plaintiff filed a Complaint and Motion for Leave to Proceed in Forma Pauperis pursuant to 28 U.S.C.A. § 1915(a). I granted the motion, but directed the plaintiff to file an amended complaint because her initial Complaint did not comply with the Federal Rules of Civil Procedure. The plaintiff then filed her Amended Complaint, which has not yet been served. Because the plaintiff filed suit in forma pauperis, I will address this case sua sponte pursuant to 28 U.S.C.A. § 1915(e)(2)(B)(ii). *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (stating that sua sponte dismissals are "freely permitted" under § 1915) (citing *Denton v. Hernandez*, 504 U.S. 25, 32 (1992)).

II

For the purposes of this Opinion, I will accept as true the allegations of Starr's Amended Complaint.

The plaintiff's Amended Complaint alleges that the plaintiff purchased property near I-81, and VDOT subsequently blocked part of the entrance to that land

while making improvements to I-81. (Am. Compl. at 1.) In addition, the plaintiff states that she was "deprived of the use of the high rise sign that was conveyed . . . [because of] an electrical wire trespassing upon my property." (*Id*. at 2.) However, her central claim is that VDOT violated the provisions of the URA, as follows:

> The URA . . . set[s] standards for acquisition or use of another's property and reaffirm[s] my constitutional right to receive notice of condemnation for the use or taking of my property, an appraisal of my property to determine the impact of the project and the value of my property interests, justification of the public need for my property, my right to receive just compensation and relocation assistance for any taking, loss of income or business . . . the right to obtain similar property in size, income, a replacement investment, and of my choosing.

(*Id*. at 2.) She also states that VDOT sued her over the sign, and that the URA entitles her to payment for her legal fees in that case. (*Id*.)

III

The statute governing institution of a proceeding in forma pauperis provides that the court shall dismiss the case at any time if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C.A. § 1915(e)(2)(B)(I)-(iii). As the Supreme Court has explained, the in forma pauperis statute "is designed largely to discourage the filing of, and waste of judicial

and private resources upon, baseless lawsuits that paying litigants generally do not initiate." *Neitzke v. Williams,* 490 U.S. 319, 327 (1989).

A pro se complaint in a proceeding in forma pauperis must be construed liberally, and held to less stringent standards than those drafted by attorneys. *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). However, even under this less stringent standard, the pro se complaint is subject to sua sponte dismissal where the court finds that it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). In enacting § 1915(e)(2)(B)(ii), Congress appropriated the familiar standard of review applicable to motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a pro se plaintiff's complaint pursuant to § 1915(e)(2)(B)(ii), which tracks the language of Rule 12(b)(6), the court must take the facts alleged in a pro se complaint to be true. Accordingly, dismissal under § 1915(e)(2)(B)(ii) is proper only when the court accepts as true the substance of a plaintiff's allegations.

A federal court is not barred by the Eleventh Amendment from enjoining state officers from acting unconstitutionally, either because their action is alleged to violate the Constitution directly or because it is contrary to a federal statute or regulation that is the supreme law of the land. *See Ex parte Young,* 209 U.S. 123 (1908); *Aluminum Co. of Am. v. Utils. Comm'n of State of N.C.,* 713 F.2d 1024, 1028 (4th Cir. 1983).

Moreover, in order for a plaintiff to have a statutory right to sue a state official there must be a "threshold fact of congressional authorization." *Fitzpatrick v. Bitzer*, 427 U.S. 445, 452 (1976); *see also Rish v. Johnson,* 131 F.3d 1092, 1095 (4th Cir.1997).

Viewed liberally, the plaintiff's Amended Complaint raises two possible issues against the defendant Philip Shucet, Commissioner of the Virginia Department of Transportation.[1] The first issue is whether the defendant violated the URA when VDOT obstructed a portion of the plaintiff's property while making improvements to I-81, and the second is whether the plaintiff's Fifth Amendment right to just compensation was violated.

A

The URA provides that, in federal land acquisition situations, federal agencies "shall, to the greatest extent practicable, be guided by the following policies[,]" which include, among other things, appraisal of the property involved, payment before the owner surrenders property, and institution of formal condemnation proceedings if the

---

[1] The plaintiff's Amended Complaint does not state any federal claim against the other official defendants. Accordingly, defendants Judith Williams Jagdmann, Attorney General of Virginia, and the Board of Supervisors of Washington County Virginia must be dismissed. As to the private persons the plaintiff purchased her land from, Joseph and Helen Meek, Joseph Meek Trust, and Glade Investment Corp., there is no diversity jurisdiction, and thus they will be dismissed without prejudice for lack of subject matter jurisdiction.

power of eminent domain is used. *See* 42 U.S.C.A. § 4651. Importantly, the URA states:

> (a) The provisions of section 4651 of this title create no rights or liabilities and shall not affect the validity of any property acquisitions by purchase or condemnation.
>
> (b) Nothing in this chapter shall be construed as creating in any condemnation proceedings brought under the power of eminent domain, any element of value or of damage not in existence immediately prior to January 2, 1971.

42 U.S.C.A. § 4602.

The URA does not provide a "threshold fact of congressional authorization" to sue a state official, and several circuits have held that district courts do no have subject matter jurisdiction to consider alleged violations of the URA. *See Nat'l R.R. Passenger Corp. v. Faber Enters., Inc.* 931 F.2d 438, 443 (7th Cir. 1991); *Ackerley Communications of Fla., Inc. v. Henderson,* 881 F.2d 990, 993 (11th Cir. 1989) (holding that the district court did not have jurisdiction under § 1983 to consider the case because the Administrative Procedure Act, 5 U.S.C.A. § 551, was the exclusive remedy for alleged violations of the URA.); *United States v. 410.69 Acres of Land, More or Less in Escambia County, Fla.*, 608 F.2d 1073, 1074 n.1 (5th Cir. 1979); *see also Hellenic Ctr., Inc. v. Wash. Metro. Area Transit Auth.,* 815 F.2d 982, 985 (4th Cir. 1987) In *Hellenic*, the Fourth Circuit stated that when "formal condemnation

proceedings are never instituted, no federal court can have jurisdiction . . . and, accordingly, no federal court can award costs, fees and expenses to the property owner" under the URA. *Hellenic,* 815 F.2d 985.

In this case, the plaintiff's Amended Complaint alleges that VDOT violated the provisions of the URA. As discussed, district courts do not have jurisdiction to consider violations of URA guidelines. In any event, there is no indication that the state ever attempted to acquire or condemn the plaintiff's property, which makes the URA inapplicable all together.

B

The Fifth Amendment provides that "private property [shall not] be taken for public use, without just compensation." U.S. Const. amend. V. To the extent the plaintiff contends that her Fifth Amendment rights were violated because of a taking without compensation, her argument fails.

The question of whether a "condemnation or other taking" occurred is controlled by state law. *Bajwa v. Sunoco, Inc.*, 329 F. Supp. 2d 726, 732 (E.D. Va. 2004) In Virginia, the condemnation process cannot begin without an attempt by the Commonwealth to purchase the property. *Id.* (citing *Commonwealth Transp. Comm'r of Va. v. Klotz, Inc.,* 425 S.E.2d 508, 511 (Va. 1993)). In this case, there is no indication that the defendant attempted to purchase the plaintiff's property. Of

-7-

course, a taking can occur without a formal eminent domain action in the form of an "inverse condemnation," which is "a cause of action against a governmental defendant to recover the value of property that has been taken in fact by the governmental defendant, even though no formal exercise of the power of eminent domain has been attempted by the taking agency." *United States v. Clarke,* 445 U.S. 253, 257 (1980). Because the defendant has not attempted to purchase the plaintiff's property, the condemnation process cannot begin, and thus the plaintiff must be asserting an inverse condemnation cause of action.

The Supreme Court has held that "if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." *Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City,* 473 U.S. 172, 195 (1985). Moreover, under *Williamson*, the plaintiff bears the burden of demonstrating that the state procedure is inadequate or unavailable. *Id.* at 196-97. The Court recently discussed its opinion in *Williamson*, explaining that state courts may hear "simultaneously a plaintiff's request for compensation under state law and the claim that, in the alternative, the denial of compensation would violate the Fifth Amendment of the Federal Constitution." *San Remo Hotel, L.P. v. City & County of San Francisco, Cal.*, 125 S. Ct. 2491, 2506

-8-

Case 1:05-cv-00026-JPJ   Document 5   Filed 07/15/05   Page 8 of 10   Pageid#: 58

(2005) (citing *Williamson*, 473 U.S. at 194).[2] The principle set forth in *Williamson* has been applied in cases governed by Virginia law, with the Eastern District of Virginia holding that district courts do not have subject matter jurisdiction over inverse condemnation cases where landowners do not pursue Virginia's statutory and constitutional procedures, Va. Const., art. 1, § 11 and Va. Code Ann. § 8.01-184, -187 (Michie 2000), for receiving compensation for alleged takings. *See Shooting Point, L.L.C. v. Cumming*, 238 F. Supp. 2d 729, 740 (E.D. Va. 2002); *see also Pasquotank Action Council, Inc. v. City of Va. Beach*, 909 F. Supp. 376, 380 (E.D. Va. 1995); *Northern Va. Law School, Inc. v. City of Alexandria*, 680 F. Supp. 222, 224-25 (E.D. Va. 1988). As the Court stated in *San Remo Hotel*, the conclusion of this principle is that "there is scant precedent for the litigation in federal district court of claims that a state agency has taken property in violation of the Fifth Amendment's takings clause." 125 S. Ct. at 2506.

Here, it is clear that Virginia law provides an adequate procedure for seeking just compensation when no such offer is made. Therefore, the plaintiff cannot claim

---

[2] The precise issue presented in *San Remo Hotel* was whether federal courts may craft an exception to the full faith and credit statute "in order to provide a federal forum for litigants who seek to advance federal takings claims that are not ripe until the entry of a final judgment denying just compensation." 125 S. Ct. 2491, 2501. The Court held that the full faith and credit statute precludes further litigation of issues that have been adjudicated by state courts, *id.* at 2502, and left the holding in *Williamson* undisturbed.

a violation of the just compensation clause until she has used the Virginia procedure and been denied just compensation, and even then any state court proceedings would be given preclusive effect in federal court. *Id.* at 2507.

IV

For the foregoing reasons, the plaintiff's Amended Complaint will be dismissed, and an appropriate final order will be entered.

ENTER: July 15, 2005

/S/ JAMES P. JONES
Chief United States District Judge